UCHEHAEDY, Judge.
In this Consolidated personal injury action, after a bench trial on the issue of liability only, the trial court found no liability on the part of defendants/appellees. For the following reasons, we affirm.
On January 3, 1993, at approximately 9:00 p.m., defendant/appellee, Deputy Vincent Baiamonte, while in the course and scope of his employment as a patrol officer with defendani/appellee, the Jefferson Parish Sheriffs Office, was responding as a backup unit to a report of a “fight with a gun” in the Bunche Village area of Jefferson Parish. While Baianionte drove west on Airline Highway, above the posted speed limit with his overhead lights and siren activated, an officer on the scene reported the situation as being under control. Deputy Baiamonte decided to continue to the scene, turned off his overhead lights and siren and began to decelerate.
As Deputy Baiamonte approached the intersection of North Howard and Airline Highway, a vehicle being driven east on Airline Highway by defendant, Tony Barnes, and in which plaintiffs Kareem Martin, Daniel Martin and Harold Williams were passengers, 1¡¡attempted to execute a u-turn, turning left into Baiam-onte’s path. A collision ensued in 'which Kareem Martin was killed and Daniel Martin and Harold Williams sustained injuries.
Separate lawsuits were filed by Harold Williams and the Martins against, filter alia, Tony Barnes, Deputy Baiamonte and the Sheriffs Office. The two lawsuits were consolidated and proceeded to a bench trial on February 22-23, 1999, against Baiamonte and the Sheriffs Office only. Further, the trial was limited to the issue of liability only.
At the conclusion of trial, after hearing all of the testimony and reviewing all' of the evidence submitted, the trial court ruled that the sole, proximate cause of the accident was the negligence of Tony Barnes. On March 29, 1999, the trial court rendered a formal, written judgment, finding no negligence on the part of Deputy Baiamonte or the Sheriffs Office, and dismissing plaintiffs’ claims against them with prejudice. Both Williams and the Martins have appealed, asserting that the trial court was manifestly erroneous in its failure to find Deputy Baiamonte and the Sheriffs Office partially at fault. After a thorough review of the record before us, we.find that the trial court was not manifestly erroneous in failing to assign fault to Deputy Baiamonte and the Sheriffs Office.
At trial, Deputy Baiamonte testified that the report of the fight with a gun in Bunche Village was dispatched as a “Code 2,” a priority call which, pursuant to the Sheriffs Office policy, allows an officer to exceed posted speed limits and disregard traffic signals, if the conditions make it safe to do so. Deputy Baiamonte further testified that once the officer on the scene reported a “Code 4” (situation under control), Baiamonte decided to continue to the scene in case his assistance would become needed. As it was no longer a priority call, Baiamonte turned off his flashing lights and siren and began to decelerate. Deputy Baiamonte testified that he was trained that it was permissible to “downgrade” from a Code 2 to. a Code 4 by first turning off his overhead lights and siren and then decelerating to the posted speed limit.
RDeputy Baiamonte testified that as he was decelerating and continuing west on Airline Highway, the traffic. around him was light as he approached Airline Highway’s intersection with North Howard. Airline Highway and North Howard meet at a “T” intersection controlled by a traffic signal, which was showing a green fight for traffic westbound on Airline Highway.
Baiamonte testified that he was in the left lane of travel as he approached North Howard, but when he saw the plaintiffs’ vehicle turning in front of him, he braked hard and veered to the right in an attempt to avoid' the accident. While he could not' say how fast he was traveling when he saw the plaintiffs’ vehicle turn-in *534 front of him, Deputy Baiamonte admitted that he was traveling in excess of the forty-five mile per hour posted speed limit on Airline Highway.
At trial, two witnesses were qualified as experts in the field of accident reconstruction, one for the plaintiffs and one for the defendants. Their testimony was in direct conflict with regards to whether the speed of Deputy Baiamonte’s vehicle had anything to do with the accident. The plaintiffs’ expert, Michael Sunseri, testified that he calculated Deputy Baiamonte’s pre-braking speed to be approximately sixty-five miles per hour. Mr. Sunseri further testified that had Deputy Baiamonte been traveling at the posted speed limit, he would have had an adequate amount of time to stop prior to the collision. However, the defendants’ expert, Andrew Ram-isch, testified that he calculated Deputy Baiamonte’s pre-braking speed to be between forty-eight and fifty-six miles per hour. Mr. Ramisch further testified that Deputy Baiamonte could not have stopped in time, even if he were traveling forty-five miles per hour.
The defendants also called Richard Turner at trial, who was qualified as an expert in the field of police procedures and standard operating procedures of police departments. Mr. Turner testified that “downgrading” from an emergency call to a non-emergency call by first turning off overhead lights and siren and then decelerating to a posted speed limit when traffic conditions are light is a policy used by law enforcement agencies throughout |Bthe country. Mr. Turner further testified that after hearing the prior testimony of the parties at trial and reviewing all of the pertinent facts of the case, his opinion was that Deputy Baiamonte acted in accordance with not only the Jefferson Parish Sheriffs Office’s standard operating procedure, but also in accordance with the national standards.
As noted, at the conclusion of trial, the court ruled in favor of Deputy Baiamonte and the Sheriffs Office, and issued the following oral reasons for its determination:
The Court finds that the actions of Deputy Baiamonte were reasonable under the totality of the circumstances and he did not breach a duty which was owed to the plaintiffs.... In this particular instance, the Court finds that the actions of Deputy Baiamonte were in keeping with the accepted policies and procedures of the Jefferson Parish Sheriffs Office and that these policies and procedures do not present, and did not present in 1993, an unreasonable risk of harm to the public.
[[Image here]]
The cause in fact of this accident was the negligence of Tony Barnes in making a left turn when it was clearly not safe to do so.... The speed, the Court believes, did not play a part in this accident, but rather it was the actions of Tony Barnes in taking or making a left turn, again, when it was not safe to do so.
[[Image here]]
In this instance Mr. Barnes testified that he did not see a vehicle coming and then as it was about to hit him, he saw it. There is no discernable reason why he should not have seen what was there and obvious and he is charged with the responsibility of having seen that which he should have seen.
[[Image here]]
Under the overall circumstances of this matter, the Court finds that there is no liability on the part of Deputy Baiam-onte and/or the Jefferson Parish Sheriffs Office. That the responsibility for this accident, the sole cause in fact of the accident was the negligence of Mr. Tony Barnes and that is the ruling of the Court as it pertains to the issue of liability in this matter.
*535 With regard to appellate review of findings of fault and apportionment of fault, the manifestly ■ erroneous/clearly wrong standard of review is utilized. Manuel v. St. John Baptist Parish School Bd., 98-1265 (La.App. 5 Cir.3/30/99), 734 So.2d 766, 768, citing Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985). Where two reasonable views of the evidence exist, the factfinder’s choice between them cannot |fibe manifestly erroneous or clearly wrong. Stobart v. State, 617 So.2d 880, 882-83 (La.1993).
Both appellants argue on appeal that the trial court erred in failing to apply La. R.S. 32:24, which provides in pertinent part:
A. The driver of an authorized emergency vehicle, when responding to an emergency call, or when in the pursuit of an actual or suspected violator of the law, or when responding to, but not upon returning from, a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions herein stated.
B. The driver of an authorized emergency vehicle may:
* * *
(3) Exceed the maximum speed limits so 'long as he does not endanger life or property;
* * *
C. The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible or visual signals sufficient to warn motorists of their approach, except that a police vehicle need not be equipped with or display a red light visible from in front of the vehicle.
The appellants argue that since Deputy Baiamonte admitted exceeding the speed limit without his emergency lights and siren activated, he was in violation of La. R.S. 32:24, and the trial court should have assigned a percentage of fault to him for this violation. However, the appellants’ argument is misplaced.
The standard negligence analysis under La. C.C. art. 2315 is the duty-risk analysis. Under this analysis, the plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, that the defendant owed a duty of care to the plaintiff, that the requisite duty was breached' by the defendant, and that the risk of harm was within the scope of protection afforded by the duty breached. Under the duty-risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover. Mathieu v. Imperial Toy Corporation, 94-0952 (La.11/30/94), 646 So.2d 318; Mart v. Hill, 505 So.2d 1120 (La.1987).
|7It is clear from our review of the entire record that the trial court was presented at trial with conflicting testimony and evidence regarding whether the speed of Deputy Baiamonte’s vehicle was a cause-in-fact of the accident. As noted above, the defendants’ expert, Andrew Ramisch, testified that the speed of the Baiamonte vehicle had nothing to do with the accident.
In its oral reasons for judgment given at the conclusion of trial, the trial court made the factual determination that the sole, proximate cause, of the accident was the negligence of Tony Barnes, who made a left-hand turn in front of Deputy Baiam-onte’s vehicle. The trial court therefore found that, even considering the fact that Deputy Baiamonte was exceeding the posted speed limit, his speed was not a cause-in-fact of the accident and that he did not breach a duty owed to the plaintiffs.
Based on the evidence and testimony presented at trial, we find the trial court’s conclusions to be reasonable. Because our standard of review is the manifestly erroneous/clearly wrong standard, and there were two permissible views of the evidence, the trial court’s choice between *536 them cannot be manifestly erroneous or clearly wrong.
Accordingly, for the foregoing reasons, the March 29, 1999 judgment of the trial court finding no negligence on the part of defendants, Deputy Vincent Baiamonte and the Jefferson Parish Sheriffs Office, is hereby affirmed.
AFFIRMED.